IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAURICE BROWN, | ) | No. C 10-5814 JSW (PR) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE** |
| vs. | ) ) | |
| RAUL LOPEZ, Warden, | ) ) | |
| Respondent. | ) ) ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state conviction. He has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

In 1996, Petitioner pled guilty in Contra Costa County Superior Court to first-degree murder and the use of a firearm. He was sentenced to a term of thirty years to life in state prison. He did not complete any direct appeals of his conviction or sentence, but he filed habeas petitions in all three levels of the California courts. These petitions were all denied. Thereafter, he filed the instant federal habeas petition.

## DISCUSSION

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

Petitioner raises the following claims for relief in the petition: (1) that the state violated his right to due process by entering a plea agreement that it would have to later repudiate because the agreement promised Petitioner would earn time credits at a rate not allowed by state law; (2) that his plea agreement is void because it promises Petitioner a rate of time credits prohibited by state law; and (3) that trial and appellate counsel were ineffective in failing to challenge the validity of the plea agreement on these grounds at trial and on appeal. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on the claims set forth above.  Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

1  not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all
2  portions of the state trial record that have been transcribed previously and that are relevant
3  to a determination of the issues presented by the petition.  If Petitioner wishes to respond
4  to the answer, he shall do so by filing a traverse with the Court and serving it on
5  Respondent within **thirty (30)** days of the date the answer is filed.

6       3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
7  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
8  Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court
9  and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
10 days of the date the motion is filed, and Respondent shall file with the Court and serve on
11 Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

12      4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
13 the Court informed of any change of address by filing a separate paper captioned "Notice
14 of Change of Address."  He must comply with the Court's orders in a timely fashion.
15 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
16 to Federal Rule of Civil Procedure 41(b).

17     IT IS SO ORDERED.
18 DATED:  May 31, 2011

                                      JEFFREY S. WHITE
                                      United States District Judge

3